IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASEN ROME MILLER,

        Petitioner,

v.                                                                     No. CIV 12-1029 JH/LFG

JAMES JANECKA, Warden,

        Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition ("recommendations") [Doc. 31], filed June 4, 2013, recommending dismissal of this action, with prejudice. Specifically, the Magistrate Judge found that Petitioner Jasen Rome Miller ("Miller") voluntarily, intelligently, and knowingly entered into pleas of guilty on June 14, 2010; as a result, most of Miller's claims were foreclosed by his guilty pleas; Miller did not demonstrate that the State Court's decision denying his claims "resulted in a decision that was contrary to or involved an unreasonable application of clearly established law, or was based on an unreasonable determination of the facts in light of the evidence presented;" and Miller did not satisfy either prong of the Strickland test in relation to an ineffective assistance of counsel claim. [Doc. 31.]

Before filing objections, Miller requested a copy of the June 14, 2010 plea transcript that Respondent filed with the Court. [Doc. 32.] On June 20, 2013, apparently without the benefit of seeing the plea transcript, Miller filed timely objections that he characterized as a "Petitioner's Letter and Notice of Opposition to Magistrate Judge Garcia's Findings and Recommended

Disposition [Doc. 31]" ("First Objections") [Doc. 35.] On June 26, 2013, Miller filed a notice that he intended to file amended objections after receipt of the plea hearing transcript; the Court permitted him an extension until July 5, 2013, to file the amended objections ("Second Objections"). [Docs. 36, 37, 38.] The Court reviewed both sets of objections in conducting a *de novo* review of those portions of the Magistrate Judge's recommendations to which Miller objects.

## Miller's First Objections [Doc. 35]

The initial portion of Miller's First Objections provide conclusory arguments that Miller is entitled to relief on his claims, *e.g.,* Miller "raised substantial and bona fide due process issues," he is not foreclosed from federal habeas relief as argued by Respondent's counsel, his pleas were unintelligent and involuntary, he "brought forth sufficient reason to question the presumed correctness of [State Court] Judge Whitaker's repeated denials for relief," the "plea agreement and the conviction must be overturned as being unconstitutional," and trial counsel Rosenfield "coerced him into taking a plea." [Doc. 35, at 1-3.] Such summary and unsupported arguments do not demonstrate error by Magistrate Judge Garcia in the findings and recommendations, nor did Miller identify any particular finding or conclusion that he believed was erroneous. Miller merely restates arguments the Magistrate Judge considered and rejected in his recommendations.

Miller next set out legal standards he believed were pertinent, *e.g.,* "[a] Defendant's pre-conviction statements or actions may indicate whether he was disposed to plead or go to trial," the Court "must consider the strength of the evidence against a Defendant in determining whether the prejudice prong has been met . . . .," and a "reasonable attorney, in the best of instances, cannot be expected to provide meaningful representation when denied access to facts and evidence used against a client." [Doc. 35, at 4-5.] Such isolated references to excerpts from court decisions do not demonstrate error in any of the Magistrate Judge's findings and recommendations.

Miller also discussed portions of the plea hearing transcript cited by the Magistrate Judge, although Miller did not yet have a copy of that plea transcript. Miller argued that the excerpt of the transcript alone shows that he was attempting to secure a lenient sentence. [Doc. 35, at 5-6.] Miller then "freely admits that he made the admission of guilt before Judge Whitaker," but argues it was to secure probation or a reduced sentence, which Miller believed was required. [Id., at 6.] Judge Garcia reviewed and rejected all of these arguments based on the evidence of record. [Doc. 31, at ¶ 64.]

Miller further asserts that he did not possess sufficient knowledge to enter into a plea agreement. He contends he could not have made "a well reasoned decision when no evidence, no notice of images to support charges, no notice of intent to call witnesses, nor any other form of substantial documentation" was given to him. [Doc. 35, at 7.] Miller claims he was "forced to take the plea deal because otherwise he would be going to trial completely blind to the case against him and to the alleged evidence." [Id.] The Magistrate Judge expressly found to the contrary. [Doc. 31, at ¶¶ 67, 68.]

Again, Miller's conclusory argument does not demonstrate any specific errors in the Magistrate Judge's findings and recommendations. Indeed, the Magistrate Judge thoroughly addressed these same arguments by Miller and rejected them. [*See, e.g.,* Id., at ¶¶ 50, 51, 55-70.]

At the end of Miller's First Objections, he asks that the District Court Judge review the magistrate judge's recommendations "to ensure that a fair application of due process is guaranteed." [Doc. 35, at 8.] Once objections are filed, the District Court must conduct a *de novo* review of those portions of the recommendations to which Miller objects. Thus, the Court reviewed the objections and Magistrate Judge's recommendations but finds no error or grounds to modify or reject Judge Garcia's findings and proposal to dismiss. Should Miller seek to appeal this Court's decision, he

3

has that option, but the District Court does not "forward" this matter to the Tenth Circuit Court of Appeals as requested by Miller.

### Miller's Second Objections [Doc. 38]

After receipt of a copy of the June 14 plea hearing transcript, Miller states that he "means to address various sections of the hearing that, in Mr. Miller's opinion, will solidify and strengthen involuntary, unknowing, and coerced plea grounds that ultimately are the framework that supports relief being granted to Mr. Miller." [Doc. 38, at 2.] Miller then sets forth excerpts from several court decisions and argues again, as he did in other filings considered by the Magistrate Judge, that he did not have sufficient time to consider the plea offer. The Magistrate Judge, found for example, that State Court Judge Whitaker allowed Miller time to confer with counsel, outside the hearing, before proceeding with the plea hearing. [Doc. 31, at ¶ 59.]

Miller also argues that co-counsel at the plea hearing, Cynthia A. Leos "had not been an active counselor to Mr. Miller" and "often was not present for client/attorney meetings." Miller asserts that Attorney Leos's representation is an additional reason he was not provided effective assistance of counsel at the plea hearing and could not have been sufficiently advised of the consequences of his plea. However, in his initial filings, Miller did not argue that Attorney Rosenfield's absence at the plea hearing supported his ineffective assistance of counsel claim or that co-counsel Leos specifically failed to provide effective representation. Arguments raised for the first time in objections are waived. *See* Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Additionally, the Court observes that the Magistrate Judge noted Attorney Leos appeared on behalf of Miller at the plea hearing and that Leos told State Court Judge Whitaker that Attorney

Rosenfield did not need to be present for the plea hearing. [Doc. 31, at 21 n.8.] Miller made no objection to Rosenfield's absence at that time.

Moreover, even if Miller's initial filings are construed and permitted to raise claims with respect to Attorney Leos's representation at the plea hearing, the Magistrate Judge considered all of Miller's arguments. Judge Garcia found that the June 14 Plea Hearing Transcript flatly contracted Miller's allegations that he was unaware of the charges against him, did not understand the consequences of the plea hearing, received inaccurate advice from trial counsel, and merely adjusted his wording to suit what his attorney advised. [Doc. 31, at ¶ 56.] In addition, Judge Garcia considered the timing of the plea proceeding and Miller's testimony that he had a chance to review the entire plea agreement with his attorney. Further, Miller testified he had a chance to have all questions answered that he might have had about the plea agreement and conceded he had a full understanding of what the agreement meant for him. [Id., at ¶¶ 57, 58.] The Court is not persuaded by Miller's newly raised objections concerning Attorney Leos's representation at the plea hearing.

The remainder of Miller's Second Objections re-argue the same positions the Magistrate Judge carefully considered and rejected, *e.g.,* Miller "had maintained his innocence during the entire case and the evidence against him is so questionable that this Court could hardly frame Mr. Miller's pleas as legal . . . ." [Doc. 38, at 5.] Yet, as noted by the Magistrate Judge, Miller's testimony at the plea hearing is wholly inconsistent with a claim of innocence. "I'm not trying to admit that I'm right and the State is wrong and I'm innocent. It's – it has nothing to do with that at all. I do understand my error." [Doc. 31, at ¶ 59] (*quoting* plea hearing transcript, at 16-17). Thus, the Court agrees with the Magistrate Judge's findings that Miller's argument of innocence fails. [Id., at ¶ 65.]

Miller further argues that he was not told that he would have to register as a sexual offender upon release from custody as a result of the guilty plea. [Doc. 38, at 8.] Again, as noted by Judge

5

Garcia, the plea hearing transcript is to the contrary. The State Court Assistant District Attorney informed Miller and Judge Whitaker that the plea paperwork included an indeterminate period of probation, from 5-20 years, "as well as sex offender registration." [Doc. 31, at ¶ 56.] In the Plea and Disposition Agreement [Doc. 13-1, Terms, ¶ 9], it states "Defendant shall register as a sex offender . . . ." Miller signed the plea agreement, stating he read and understood it, and was entering his plea "according to the terms and conditions set forth in this agreement." [Id.] In addition, Judge Whitaker asked Miller at the plea hearing if it was explained to him, for sentencing purposes, what a designation of a serious violent offense meant, and Miller responded in the affirmative. He testified that he understood and had no questions. While Miller now argues that he did not understand, he had every opportunity to have asked questions concerning the consequences about registering as a sexual offender upon his release. Moreover, the sexual offender registration requirement was discussed at the plea hearing and was contained in the plea agreement.

In sum, Miller's Second Objections do not identify any specific errors in the Magistrate Judge's recommendations. Generally, Miller attempts to rehash arguments that Judge Garcia reviewed and rejected. This is insufficient.

Therefore, the Court agrees with the Magistrate Judge's recommendations and overrules all of Miller's objections (in the First and Second Objections) for the reasons stated above.

IT IS HEREBY ORDERED that the Magistrate Judge's findings and recommendations [Doc. 31] are adopted by the Court; and

IT IS FURTHER ORDERED that Miller's federal habeas petition is denied, that this action is dismissed, with prejudice, and that a certificate of appealability does not issue because Miller did not make a substantial showing that he was denied a constitutional right.

_____
UNITED STATES DISTRICT COURT